UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| E. CORNELL MALONE, CORP. | CIVIL ACTION |
| VERSUS | NO. 12-0361 |
| SISTERS OF THE HOLY FAMILY, ST. MARY'S ACADEMY OF THE HOLY FAMILY, WESTERN SURETY COMPANY, and SAFECO INSURANCE COMPANY OF AMERICA | SECTION: "G"(5) |

## ORDER AND REASONS

In a status report provided to the Court in advance of a status conference held with the Court on May 23, 2013, the parties represented that:

> St. Mary's, S&P, and Rozas Ward are making a submission to GOHSEP and FEMA which, if paid by GOHSEP and FEMA, could provide sufficient funds to resolve all claims in this litigation. St. Mary's and S&P anticipate a response from FEMA before the end of 2013.[1]

This matter was further discussed in the status conference, wherein the Court opined that this matter could be administratively closed while GOHSEP and FEMA consider the pending submission for funds.

In *Mire v. Full Spectrum Lending, Inc.*,[2] the United States Fifth Court of Appeal stated:

> District courts frequently make use of [administrative closure] to remove from their pending cases suits which are temporarily active elsewhere (such as before an arbitration panel) or stayed (such as where a bankruptcy is pending). The effect of an administrative closure is no different from a simple stay, except that it affects the count of active cases pending on the court's docket; *i.e.,* administratively closed cases are not counted as active. In contrast, cases stayed, but not closed, are counted as active. This case still

---

[1] Rec. Doc. 191 at p. 11.

[2] 389 F.3d 163 (5th Cir. 2004).

> exists on the docket of the district court and may be reopened upon request of the parties or on the court's own motion. That situation is the functional equivalent of a stay, not a dismissal.[3]

Similarly in *Lehman v. Revolution Portfolio LLC*,[4] the United States Court of Appeals for the First Circuit explained:

> Administrative closings comprise a familiar, albeit essentially ad hoc, way in which courts remove cases from their active files without making any final adjudication. The method is used in various districts throughout the nation in order to shelve pending, but dormant, cases. We endorse the judicious use of administrative closings by district courts in circumstances in which a case, though not dead, is likely to remain moribund for an appreciable period of time.[5]

The court went on to note that:

> Properly understood, an administrative closing has no effect other than to remove a case from the court's active docket and permit the transfer of records associated with the case to an appropriate storage repository. "In no event does such an order bar a party from restoring the action to the Court's active calendar upon an appropriate application." Nor is the power to resurrect reserved to the parties. The Court, too, retains the authority to reinstate a case if it concludes that the administrative closing was improvident or if the circumstances that sparked the closing abate.[6]

Finally, in *Dresser v. Ohio Hempery, Inc.*,[7] another section of this Court explained, citing authority, that:

---

[3] *Id.* at 167 (internal citations omitted).

[4] 166 F.3d 389 (1st Cir. 1999)

[5] *Id.* at 392 (internal citations omitted).

[6] *Id.* (internal citations omitted).

[7] No. 98-2425, 2010 WL 3720420 (E.D. La. Sept. 13, 2010)(Vance, C.J.).

2

> This Court has the inherent power to stay any matter pending before it in the interests of justice and "economy of time and effort for itself, for counsel and for litigants." A Court may stay an action, pending resolution of independent proceedings which bear upon the case, regardless of whether the parallel proceedings are "judicial, administrative, or arbitral in character." The rule does not require that the issues in the other proceedings necessarily control the action before this Court. The Court therefore has the discretion to keep the stay of these proceedings in place pending the resolution of the administrative action.[8]

Furthermore, an order deeming a case "administratively closed" is not a final, appealable order where "there is no indication that the district court intended to dismiss the case."[9]

Accordingly, for the reasons stated in the status conference held on May 23, 2013, and further, considering all of the circumstances, the claims, the litigation pending in Civil District Court for the Parish of Orleans, and the administrative procedures required by GOHSEP and FEMA which could resolve all claims in this litigation, the Court finds it in the interest of justice and "economy of time and effort for itself, for counsel and for litigants" to administratively close this matter pending the outcome of the GOHSEP and FEMA process.

**IT IS HEREBY ORDERED** that this matter is administratively closed;

**IT IS FURTHER ORDERED** that the parties will provide the Court with a status report and update ninety (90) days from this date;

**IT IS FURTHER ORDERED** that all pending motions are **DISMISSED WITHOUT**

---

[8] *Id.* at *2.

[9] *S. Louisiana Cement, Inc. v. Van Aalst Bulk Handling, B.V.*, 383 F.3d 297, 302 (5th Cir. 2004); *see also Corion Corp. v. Chen*, 964 F.2d 55, 56 (1st Cir. 1992) (finding that although the district court had ordered a case "administratively closed" there was no final decision and therefore the order compelling arbitration was not immediately appealable).

**PREJUDICE** and may be refiled if this matter is reopened.

**NEW ORLEANS, LOUISIANA**, this  31st  day of May, 2013.

*Nannette Jolivette Brown*
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**